**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4605**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRI DIANNE NEWMAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Timothy M. Cain, District Judge.  (7:16-cr-00705-TMC-8)

Submitted:  April 4, 2019                           Decided:  April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elizabeth A. Franklin-Best, BLUME FRANKLIN-BEST & YOUNG, LLC, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terri Dianne Newman appeals the 120-month sentence imposed by the district court after she pled guilty to conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (2012). Newman contends that the district court erroneously assessed two criminal history points for committing the offense while on probation for a state offense, *see* U.S. Sentencing Guidelines Manual § 4A1.1(d) (2016), thereby rendering her ineligible for the safety-valve provision in 18 U.S.C. § 3553(f) (2012), *amended by* First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221, and USSG § 5C1.2. We affirm.

"We review the district court's factual findings [at sentencing] for clear error and its legal conclusions de novo." *United States v. Camara*, 908 F.3d 41, 49 (4th Cir. 2018). At the sentencing hearing, Newman argued that she did not join the conspiracy until July 31, 2014, and that her term of probation ended—earlier in the day—on July 31, rather than on August 4, 2014, the date on which the state court judge signed the termination order. The district court found that, although the Newman had completed her probation requirements on July 31, 2014, her probation did not end until the termination order was signed on August 4, 2014. Even if her probation concluded on July 31, the district court found evidence of Newman's participation in the conspiracy prior to July 31. Although Newman challenges as inequitable the finding that her probation ended on August 4, she does not sufficiently preserve for review on appeal her claim that she did not join the conspiracy before July 31. *See Hensley ex rel. North Carolina v. Price*, 876 F.3d 573, 580 n.6 (4th Cir. 2017) (recognizing that failure to comply with Fed. R. App. P.

2

28(a)(8)(A) results in abandonment of issue on appeal). We therefore conclude that the district court did not err in determining that Newman committed the instant offense while on probation regardless of whether her probation ended on July 31 or August 4, 2014.

Newman also challenges the district court's refusal to recommend her for a federal court drug treatment program. However, she cites no authority for the proposition that we may review, under 18 U.S.C. § 3742 (2012), a district court's refusal to recommend a defendant for such a program.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*